993 F.2d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HERITAGE CAPITAL CORPORATION; North Riverside Venture,
Incorporated; Venturtech II, Limited Partnership,
Plaintiffs-Appellants,
v.
DELOITTE, HASKINS & SELLS, Defendant & Third Party Plaintiff-Appellee,
v.
Learning Resources, Incorporated; Kitty Hawk Capital,
Incorporated; Christopher W. Hegele; Robert L. Chapman;
Thomas Barry; Greylock Partners and Company; Advanced
Technology Development Fund; David L. Strohm; Ronald W.
White, Third Party Defendants.
 No. 92-1788.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 1, 1993
Decided: April 30, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-88-1012-5)
 William Emslie Sumner, Sumner & Hewes, Atlanta, Georgia, for Appellants.
 James Thomas Williams, Jr., Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, North Carolina, for Appellee.
 Stephen J. Anderson, Sumner & Hewes, Atlanta, Georgia; Thomas A. Farr, Maupin, Taylor, Ellis & Adams, P.A., Raleigh, North Carolina, for Appellants.
 Jeffrey E. Oleynik, Daniel M. Sroka, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Heritage Capital Corp., Northside Riverside Venture, Inc., and Venturtech II, Ltd., filed an action in federal court alleging claims under North Carolina law for common law fraud, negligent misrepresentations and breach of contract. Plaintiffs also alleged violations of federal and state securities laws. The allegations centered around Learning Resources Inc.'s (LRI) financial statements, which were audited by the Defendant, Deloitte, Haskins and Sells. Plaintiffs had invested substantial venture capital in LRI and alleged that they had done so in reliance on the audited financial statements which contained material misrepresentations and inaccuracies.
 
 
 2
 The district court granted DH & S's motions for summary judgment on all Plaintiffs's claims in two separate orders. In its April 1 Order, the district court granted summary judgment to DH & S and denied Plaintiffs's motion for summary judgment on Plaintiffs's breach of contract and negligent misrepresentation claims. Venturtech II, Ltd. v. Deloitte, Haskins & Sells, 790 F. Supp. 576, 581-86 (E.D.N.C. 1992). The district court also granted DH & S's motion for summary judgment on Plaintiffs's state law claims for common law fraud, breach of fiduciary duty, and violation of the North Carolina Securities Act, N.C. Gen. Stat. § 78A-56(a)(2) (1991). Id. at 586-89. In its May 22 Order the district court granted DH & S's motion for summary judgment as to Plaintiffs's claims under § 10(b) of the Securities and Exchange Act. Venturtech II, Ltd. v. Deloitte, Haskins & Sells, No. 88-1012-CIV-5-H (E.D.N.C. May 22, 1992) (unpublished).
 
 
 3
 We have reviewed the issues, studied the briefs and the record, and heard oral argument. We agree with the analysis of the district court and affirm on the basis of its reasoning.
 
 AFFIRMED